UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER WATSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEVIN CHAPPELL,<br><br>　　　　Respondent. | No. 2:14-cv-0028 JAM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

　　Petitioner is a state prisoner, proceeding without counsel. Petitioner paid the filing fee. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its

1

authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there

is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214.  In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review.  Id., 536 U.S. at 220, 222-23.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

For convictions that became final prior to the enactment of the AEDPA, such as here, the petitioner had until April 24, 1997, to file a federal habeas corpus petition.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

III.  Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On March 2, 1989, a jury found petitioner of eight counts of lewd and lascivious acts with a child under the age of 14, two counts of forcible oral copulation, and six counts of rape by force or fear.  (Respondent's Lodged Document ("LD") 1.)  Petitioner was sentenced to an aggregate state prison term of 66 years.  (LD 1.)

2. Petitioner filed an appeal.  On March 29, 1991, the California Court of Appeal, Third Appellate District, affirmed the convictions.  (LD 2.)  Petitioner filed a petition for rehearing, which was denied on April 23, 1991.  (LD 3.)

3. Petitioner filed a petition for review in the California Supreme Court, which was denied on July 10, 1991.  (LD 4.)  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

////

////

4. On August 15, 1997,[1] petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 5.) On September 24, 1997, the superior court denied the petition. (LD 6.)

5. On November 27, 2000, petitioner filed a petition for writ of habeas corpus in this court challenging his 1989 conviction. (LD 7.) On February 4, 2002, the assigned magistrate judge recommended that the petition be summarily dismissed, as sought by respondent, because it "plainly appear[ed] from the face of the petition and the exhibits thereto that petitioner [was] not entitled to federal habeas relief on his claims of abuse of discretion by the state trial court in post-conviction collateral proceedings." (LD 9 at 8.) On February 4, 2002, the findings and recommendations were adopted, and the petition was summarily dismissed by the district court. (LD 10.)

6. On August 29, 2006, petitioner filed a second petition for writ of habeas corpus in this court, again challenging the July 12, 1989 conviction. Watson v. Curry, Case No. 2:06-cv-1966 MCE DAD (E.D. Cal.) (ECF No. 1). On September 11, 2006, the assigned magistrate judge found that the petition was a second or successive petition, and recommended that the action be dismissed without prejudice. Id. (ECF No. 4.) Petitioner conceded the facts in the findings and recommendations,[2] and the action was dismissed without prejudice on November 2, 2006. Id. (ECF No. 9.)

7. On June 15, 2013, petitioner filed another petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 11.) On July 23, 2013, the superior court denied the petition, citing In re Robbins, 18 Cal. 4th 770, 811-812 n.32 (1998) and In re Clark, 5 Cal. 4th 750, 774-75 (1993). (LD 12.)

---

[1] Unless otherwise indicated, all of petitioner's subsequent court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing). Petitioner filed subsequent state habeas filings not pertinent here. (ECF No. 10 at 2 n.1.)

[2] Petitioner was advised that he must first seek authorization from the Court of Appeals for the Ninth Circuit. However, review of their electronic court records do not reflect a filing by petitioner from January 2005 to the present.

8. On August 22, 2013, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 13.) On November 20, 2013, the California Supreme Court denied the petition, also citing Robbins and Clark. (LD 14; ECF No. 1 at 58.)

9. On December 31, 2013, petitioner filed the instant federal petition. (ECF No. 1.)

IV. Statutory Tolling

Because petitioner's conviction became final before a statute of limitations period was imposed, petitioner had until April 24, 1997, to file a federal habeas corpus petition. See Patterson, 251 F.3d at 1246. Petitioner's first state habeas petition, filed in August of 1997, was filed after the limitations period expired and had no tolling effect. Thus, the instant petition, brought over 16 years too late, is untimely. Moreover, the state courts' citations to Robbins and Clark were clear rulings that the state petitions were untimely and therefore not entitled to Section 2244(d)(2) tolling. Thorson v. Ramirez Palmer, 479 F.3d 653, 645 (9th Cir. 2007) (California Supreme Court's summary denial of habeas petition sufficiently established that denial was for untimeliness). Accordingly, petitioner is not entitled to statutory tolling of the limitations period.

V. Actual Innocence

Petitioner does not dispute that this case was filed after the statute of limitations period expired. (ECF No. 14.) Rather, petitioner contends that he is "actually innocent" of the crimes for which he was convicted based on newly-discovered evidence, and argues that it would be a fundamental miscarriage of justice for the court to dismiss the petition as barred by the statute of limitations. (ECF No. 14.)

A showing of actual innocence supports an equitable exception to the statute of limitations. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup gateway and have his constitutional

////

////

////

1  claims heard on the merits." Lee, 653 F.3d at 937, citing Schlup v. Delo, 513 U.S. 298 (1995)[3];
2  accord McQuiggin, 133 S. Ct. at 1928.

3        A petitioner claiming actual innocence must satisfy the Schlup standard by demonstrating
4  "that it is more likely than not that no reasonable juror would have convicted him in the light of
5  the new evidence." Lee, 653 at 938. Actual innocence in this context "means factual innocence,
6  not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998); Jaramillo
7  v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003) (accord). To make a credible claim of actual
8  innocence, petitioner must produce "new reliable evidence -- whether it be exculpatory scientific
9  evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented
10 at trial." Schlup, 513 U.S. at 324. The habeas court then considers all the evidence: old and new,
11 incriminating and exculpatory, admissible at trial or not. House v. Bell, 547 U.S. 518, 538
12 (2006). On this complete record, the court makes a "'probabilistic determination about what
13 reasonable, properly instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 330).

14       Here, petitioner does not produce new evidence; rather, petitioner repeatedly refers to the
15 victim's 1998 recantation, which is unrelated to the grounds raised in the instant petition. (ECF
16 No. 14 at 5-6.) Petitioner raises the following grounds: there was insufficient evidence to
17 support his conviction because there was no scientific evidence to substantiate the allegations of
18 unlawful sexual intercourse with a minor; ineffective assistance of counsel during discovery,
19 pretrial and trial proceedings; prosecutorial misconduct during pretrial and trial proceedings; and
20 abuse of discretion by the trial court. All of the grounds asserted in the petition address alleged
21 errors that occurred before or during the trial which took place in 1989, and the alleged 1998
22 recantation has no bearing on such grounds.

23       As argued by respondent, the actual innocence exception is limited to claims
24 demonstrating actual innocence. See McQuiggin, 133 S. Ct. at 1928; Schlup, 513 U.S. at 316.
25 Petitioner provided no new evidence or facts in the petition; rather, petitioner argues about events

---

[3] In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief. Id.

6

that took place before and during trial. Such arguments are insufficient to pass through the Schlup gateway. Petitioner does not explain why he did not raise such claims in his first habeas petition filed in 2000. (LD 7.) Moreover, the 1998 recantation cannot be construed as newly-discovered evidence because it was first addressed by the court in petitioner's first habeas petition filed in Watson v. Campbell, Case No. 2:00-cv-2674 WBS DAD (E.D. Cal.) (LD 9, 10). Finally, in Campbell, the court noted that respondents offered evidence that on June 4, 1999, the victim retracted her recantation of October 15, 1998, stating that the recantation was executed under duress and without having read the declaration, and stating that the testimony she gave during the preliminary hearing and at trial was truthful. Id., (ECF No. 8 at 8 n.3.); see also LD 8 at 5 n.5.

Thus, petitioner has failed to demonstrate actual innocence as defined under Schlup.

VI. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner does not specifically ask for the application of equitable tolling, but argues that he was "not aware of the law," and was deprived of use of the law library for an unidentified 52 week period, half of which was due to his job assignment. (ECF No. 14 at 7.) Petitioner also contends that "the number of lockdowns and massive searches must be taken into

1    account." (Id.) Petitioner argues that "he has continuously sought the assistance of other
2    prisoners to assist him." (ECF No. 14 at 8.)

3          Being on lockdown alone is not grounds for equitable tolling. See Ramirez v. Yates, 571
4    F.3d 998 (9th Cir. 2009) ("petitioner's four month stay in administrative segregation with limited
5    access to the law library and a copier did not justify equitable tolling because "[o]rdinary prison
6    limitations on [one's] access to the law library and copier (quite unlike the denial altogether of
7    access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him
8    to file his petition in a timely manner."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)
9    (rejecting argument that lack of access to library materials automatically qualifies as grounds for
10   equitable tolling); see also Nelson v. Sisto, 2012 WL 465443, at *6 (N.D. Cal. Feb. 13, 2012)
11   (finding petitioner's allegations of prison lockdowns that lasted months at a time, including one
12   lockdown that lasted a year, were "nothing more than routine prison circumstances that most
13   habeas prisoners face and did not amount to extraordinary circumstances or make it impossible
14   for him to file on time."); Wilder v. Runnels, 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003)
15   ("[L]ockdowns, placement in administrative segregation/solitary confinement, and other common
16   restrictions on access to the law library and legal assistant [sic] programs, generally do not qualify
17   as 'extraordinary circumstances.'"); Jackson v. Runnels, 2008 WL 936791, at *24 n.33 (C.D. Cal.
18   April 2, 2008) ("The Court notes that lockdowns and restrictions on law library access are an
19   ordinary incident of prison life, and do not generally qualify as an 'extraordinary circumstance'
20   sufficient to equitably toll the statute of limitations for federal habeas petitions."); Atkins v.
21   Harris, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999) ("allegations of difficulty in gaining
22   library access, prison lockdowns, his lack of legal training . . . fail to meet the requisite
23   extraordinary circumstances. . . . Prisoners familiar with the routine restrictions of prison life
24   must take such matters into account when calculating when to file a federal petition."); Giraldes
25   v. Ramirez-Palmer, 1998 WL 775085, at *2 (N.D. Cal. Nov. 3, 1998) (holding that a prison
26   lockdown for one year and two months does not constitute an extraordinary circumstance because
27   "lockdown is an expected, albeit unpredictable, part of prison life.").
28   ////

Also, the Ninth Circuit has held that claims of ignorance of the law do not constitute such extraordinary circumstances and are insufficient to justify equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default).

Moreover, petitioner has not demonstrated that he has been pursuing his rights diligently. Petitioner waited until August of 1997 to file his first state court collateral challenge. After such petition was denied, petitioner waited over three years before filing his first federal petition. Then, after conceding he needed to obtain leave from the Court of Appeals for the Ninth Circuit to file a second or successive petition, petitioner did not seek leave from the Ninth Circuit. Rather, petitioner waited over seven years, and then filed the instant action. The record of petitioner's filings does not demonstrate diligence.

Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating either extraordinary circumstances or diligence to support equitable tolling. See Pace, 544 U.S. at 418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza–Matthews, 432 F.3d at 1026.

VII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 14, 2014

/wats0028.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE